UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STANLEY NEVILLE TAVORN,

                Petitioner,

vs.                                  Case No. 3:04-cv-1093-J-32HTS

JAMES CROSBY, et al.,

                Respondents.

_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on October 4, 2004.[1]  He challenges a 1995 state court (Duval County) conviction.  On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

_____

[1] The Court will give Petitioner the benefit of the mailbox rule in calculating the one-year limitation period in this case. Petitioner handed his Petition to prison authorities for mailing to this Court on October 4, 2004, and it was file-stamped in this Court on October 13, 2004.

to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this new subsection. See Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #10), filed February 24, 2005.

On July 9, 1996, Petitioner's judgment of conviction was affirmed on direct appeal. Ex.[2] E.  Petitioner filed a Notice to Invoke Discretionary Jurisdiction; however, on September 24, 1996, the Florida Supreme Court declined to accept jurisdiction. Ex. G; Ex. J.  Thus, Petitioner's conviction became final ninety days later, on December 23, 1996. <u>See</u> Supreme Court Rule 13.1;[3] <u>Clay v. United States</u>, 537 U.S. 522 (2003).

On September 22, 1998, 638 days after his conviction became final, Petitioner signed his first motion for post-conviction relief, which was filed in state court on September 25, 1998. Ex. K at 1, 24.  Even assuming that this motion for post-conviction relief was properly filed, it did not toll the federal one-year limitation period because it had already expired. <u>See</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), <u>cert</u>. <u>denied</u>, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period

---

[2] The Court hereinafter refers to the Exhibits to Response to Petition for Writ of Habeas Corpus (Doc. #12), filed February 25, 2005, as "Ex."

[3] Supreme Court Rule 13.1 states, in pertinent part, that "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."

cannot toll that period because there is no period remaining to be tolled."). Thus, this action was not timely filed.

Petitioner appears to be arguing that the one-year limitation period in his case is governed by 28 U.S.C. § 2244(d)(1)(D) (stating that the one-year limitation period starts on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Specifically, he asserts that he did not discover the meaning of the term "*ex post facto*" until the year 2003. Petitioner's Reply to Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #16) (hereinafter Reply), filed May 9, 2005, at 5. The Court finds this argument to be unpersuasive.

In sum, upon thorough review of the Reply, the Court finds that Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him. Thus, the Court will dismiss this case with prejudice as untimely filed.

Therefore, it is now

**ADJUDGED:**

1.   Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #10), filed February 24, 2004, is **GRANTED**.

2.   The Petition is **DISMISSED** with prejudice.

3.    The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of May, 2005.


TIMOTHY J. CORRIGAN
United States District Judge




ps 5/12
c:
Stanley Neville Tavorn
Ass't Attorney General Thomas D. Winokur